**NEBRASKA–IOWA XPRESS, INC. and Pawnee Transfer, Petitioners,**

**v.**

**INTERSTATE COMMERCE COMMISSION and the United States of America, Respondents,**

**Film Transport, Inc., Intervenor.**

**No. 79-1661.**

United States Court of Appeals, District of Columbia Circuit.

Submitted Oct. 1, 1980.

Decided Oct. 24, 1980.

James E. Ballenthin and William S. Rosen, St. Paul, Minn., were on brief, for petitioners.

Richard A. Allen, Gen. Counsel, Henri F. Rush, Associate Gen. Counsel, Sidney L. Strickland, Jr., Counsel, I.C.C. and John H. Shenefield, Asst. Atty. Gen., Robert B.

Nicholson, and Susan J. Atkinson, Attys., Dept. of Justice, Washington, D. C., were on brief, for respondents. Mark L. Evans, Counsel, I.C.C., Washington, D. C., for respondent I.C.C.

Warren A. Goff and Robert G. Shepherd, Jr., Washington, D. C., were on brief, John R. Sims, Jr. and Thomas A. Stroud, Washington, D. C., for intervenor.

Before ROBINSON, WILKEY and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Film Transport Co., in May 1977, applied to remove the 200 pounds weight restriction from its common carrier authority to transport general commodities over specified routes in Nebraska and Iowa. Nebraska-Iowa Xpress (NIX) and Pawnee, petitioners in this court and competitors of Film Transport, opposed removal of the restriction.

At hearings on the application, Film Transport introduced evidence that the weight restriction caused confusion and delay because drivers sometimes picked up packages weighing more than 200 pounds and Film Transport had to return those packages to the shippers. Several customers supported Film Transport's application. By and large, these customers stated that they currently used Film for light shipments and other carriers for heavy shipments, and that they would like the convenience of using Film for all shipments. One customer indicated that it would like faster service on heavier shipments and would choose Film over the carriers it then used for such shipments. Holmes Freight Line, a motor carrier that interlined with Film for light shipments and NIX for heavy shipments, stated that it would like to interline all of its shipments with Film because NIX holds authority to ship in the territory served by Holmes and Holmes feared NIX would "back-solicit" its customers (or convince them to ship entirely with NIX).

Both NIX and Pawnee testified that a grant of Film's application would divert business from them and have a detrimental effect on their operations. Pawnee testified that it needed additional business, that its trucks were running part empty, and that if it lost business to Film it would have to get smaller equipment. NIX testified that it has an established policy of not back-soliciting shippers and that Holmes never complained that NIX actually engaged in this practice.

The Joint Board denied Film's application, concluding that it would result in the institution of a new service for which no need had been shown and might diminish the service of other carriers. On a petition for reconsideration, Division 2 of the Commission vacated the Joint Board's decision and granted Film's application. NIX and Pawnee filed a petition for administrative review, which the Division denied. They then petitioned this court for review. The court denied a petition for stay of the Commission's order and for a preliminary injunction.

Our review persuades us that the Commission's decision was supported by substantial evidence and was neither arbitrary, capricious, nor an abuse of discretion. We therefore affirm the Commission's action.

The Commission's decision rests on two underpinnings. First, the Commission applied the policy, formulated in *Fox-Smythe Transportation Co. Extension—Oklahoma,* 106 M.C.C. 1 (1967), which favors the provision of complete services by a carrier. Contrary to NIX's contention, we do not conclude that the Commission invoked this policy to shift the burden of proof away from Film Transport. The Commission specifically found that there was sufficient evidence to show a need for Film's proposed service. It recited the facts demonstrating that the restriction had caused confusion and delays. It reasonably concluded from the evidence that a grant of the application would enhance Film's efficiency and permit Film to offer its customers better service. While the Commission observed that "[t]he evidence of record is not as precise as we would like," there is no requirement that the applicant present a compelling case. We agree that the evidence sufficed to sup-

port the conclusions drawn from it. *See May Trucking Co. v. United States,* 593 F.2d 1349, 1355 (D.C.Cir.1979).

The Commission appropriately cited the *Fox-Smythe* policy to bolster its determination that the evidence demonstrated a need for Film's augmented service. Congress gave the ICC broad authority to determine the public interest. It seems to us well within that authority for the Commission to conclude that the public interest generally favors unrestricted certificates.*

As the second basis for its decision, the Commission determined that a grant of Film's application would not "materially adversely affect" NIX or Pawnee existing operations. NIX and Pawnee contend that this finding lacks adequate support. Their argument does not withstand inspection in light of this court's decision in *May Trucking Co., supra.* There the court rejected a competitor's claim that an application for a certificate should have been denied because the new carrier would draw customers away from existing carriers. This argument, the court said, was "largely beside the point." Although "[c]ompetition frequently entails a loss of customers, [it] ordinarily ... is in the public interest, not contrary to it." 593 F.2d at 1356. Accordingly, the court held that it was incumbent on the competitor to establish that the new carrier would promote inefficiency and destroy the old carrier's ability to compete. NIX and Pawnee plainly did not meet that standard.

*Affirmed.*

---

* NIX argues that in an appendix to *Fox-Smythe,* 106 M.C.C. at 49, the Commission cited with approval its 1957 decision to deny Film Transport's application to remove the weight restriction. Neither the original proceeding nor the reference in *Fox-Smythe,* however, bears on this case. As the court pointed out in *May Trucking Co., supra,* "[q]uite obviously, the failure to prove in one proceeding that the public convenience and necessity warrant new service does not mean that better evidence cannot suffice for a subsequent application." 593 F.2d at 1351 n.2.